**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UFP TECHNOLOGIES, INC.,<br><br>Plaintiff,<br>v.<br><br>JAKOB RUKEL 2015 IRREVOCABLE TRUST 1, JAKOB RUKEL 2015 IRREVOCABLE TRUST 2, BARBARA RUKEL 2015 IRREVOCABLE TRUST 1, BARBARA RUKEL 2015 IRREVOCABLE TRUST 2, ANGELO RUKEL 2011 IRREVOCABLE GIFT TRUST, JOHN RUKEL 2011 IRREVOCABLE GIFT TRUST, ANGELO RUKEL, JAKOB RUKEL and JOHN RUKEL,<br><br>Defendants. | ) | C.A. No. ____________________ |

**COMPLAINT**

Plaintiff UFP Technologies, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against Defendants Jakob Rukel 2015 Irrevocable Trust 1, Jakob Rukel 2015 Irrevocable Trust 2, Barbara Rukel 2015 Irrevocable Trust 1, Barbara Rukel 2015 Irrevocable Trust 2, Angelo Rukel 2011 Irrevocable Gift Trust, John Rukel 2011 Irrevocable Gift Trust, Angelo Rukel, Jakob Rukel and John Rukel (collectively, "Defendants") and alleges, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for indemnity for losses incurred as a result of Defendants' breaches of representations and warranties contained in the Securities Purchase Agreement dated as of July 1, 2024 by and among Plaintiff, Defendants and AJR Enterprises, LLC

(the "Purchase Agreement"). Pursuant to the Purchase Agreement, Defendants sold to Plaintiff all of the issued and outstanding equity interests in AJR Enterprises, LLC (the "Company").

2. As of the Effective Date of the Purchase Agreement, the Company was a party to a Master Supply Agreement effective as of January 1, 2021 by and among the Company, Stryker Corporation and SAGE Products, LLC (the "Stryker Contract"). Contrary to Defendants' representations in the Purchase Agreement, the Company was in breach of the Stryker Contract and in breach of federal regulations applicable to the Company.

3. As a direct and proximate result of the Company's breaches of the Stryker Contract and applicable law and Defendants' breaches of the Purchase Agreement, Plaintiff has incurred and will continue to incur losses. Accordingly, Defendants are required to indemnify Plaintiff in an amount equal to the losses sustained by Plaintiff.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants because, pursuant to the Purchase Agreement, Defendants irrevocably and unconditionally submitted to the jurisdiction of the United States District Court for the District of Delaware for any actions arising out of or related to the Purchase Agreement.

6. Venue is proper in this District because Defendants, pursuant to the Purchase Agreement, consented to venue in this District.

**PARTIES**

7. Plaintiff is a corporation organized under the laws of the State of Delaware and headquartered in the Commonwealth of Massachusetts. Plaintiff is a party to the Purchase Agreement.

8. Defendant Jakob Rukel 2015 Irrevocable Trust 1 is a party to the Purchase Agreement. The Trustee of the Jakob Rukel 2015 Irrevocable Trust is Barbara Rukel. Barbara Rukel is a resident of the State of Florida.

9. Defendant Jakob Rukel 2015 Irrevocable Trust 2 is a party to the Purchase Agreement. The Trustee of the Jakob Rukel 2015 Irrevocable Trust 2 is Barbara Rukel. Barbara Rukel is a resident of the State of Florida.

10. Defendant Barbara Rukel 2015 Irrevocable Trust 1 is a party to the Purchase Agreement. The Trustee of the Barbara Rukel 2015 Irrevocable Trust 1 is Jakob Rukel. Jakob Rukel is a resident of the State of Florida.

11. Defendant Barbara Rukel 2015 Irrevocable Trust 2 is a party to the Purchase Agreement. The Trustee of the Barbara Rukel 2015 Irrevocable Trust 2 is Jakob Rukel. Jakob Rukel is a resident of the State of Florida.

12. Defendant Angelo Rukel 2011 Irrevocable Gift Trust is a party to the Purchase Agreement. The Trustee of the Angelo Rukel 2011 Irrevocable Gift Trust is Angelo Rukel. Angelo Rukel is a resident of the State of Illinois.

13. Defendant John Rukel 2011 Irrevocable Gift Trust is a party to the Purchase Agreement. The Trustee of the John Rukel 2011 Irrevocable Gift Trust is John Rukel. John Rukel is a resident of the State of Illinois.

14. Defendant Angelo Rukel is a party to the Purchase Agreement. Angelo Rukel is a resident of the State of Illinois.

15. Defendant Jakob Rukel is a party to the Purchase Agreement. Jakob Rukel is a resident of the State of Florida.

16. Defendant John Rukel is a party to the Purchase Agreement. John Rukel is a resident of the State of Illinois.

**FACTUAL BACKGROUND**

17. Plaintiff is a contract development and manufacturing organization that specializes in single-use and single-patient medical devices. Plaintiff is an important link in the medical device supply chain and a valued outsource partner to most of the top medical device manufacturers in the world. Plaintiff's single-use and single-patient devices and components are used in a wide range of medical devices and packaging for minimally invasive surgery, infection prevention, wound care, wearables, orthopedic soft goods and orthopedic implants.

18. Prior to the execution of the Purchase Agreement, Defendants were the record holders and beneficial owners of all the issued and outstanding equity interests in the Company. The Company develops and manufactures single-use safe patient handling systems. On July 1, 2024, Plaintiff, Defendants and the Company entered into the Purchase Agreement. Pursuant to the Purchase Agreement, Defendants sold their equity interests in the Company to Plaintiff. A true and correct copy of the Purchase Agreement is attached hereto as Exhibit A.

19. Under Section 2.10(c) of the Purchase Agreement, Defendants made the following representation (the "Material Contract Representation"):

> With respect to each Material Contract and except as set forth on Schedule 2.10(c), (i) none of the Company Entities nor, to the Knowledge of Sellers, any other party thereto is in material breach of any Material Contract, (ii) none of the Company Entities has given notice of termination or nonrenewal with respect to

> any Material Contract and no other party thereto has given any of the Company Entities written notice of termination or non-renewal or, to the Knowledge of Sellers, oral notice of termination or non-renewal, (iii) to the Knowledge of Sellers, no event has occurred or circumstance exists that, individually or in the aggregate, would give any other party thereto the right to accelerate any Company Entity's obligations under, or to terminate, any Material Contract, and (iv) each Material Contract is in full force and effect and constitutes a valid, binding, and enforceable agreement in accordance with its terms by and against the Company Entity party thereto and, to the Knowledge of Sellers, the other party thereto, except to the extent that enforceability may be limited by the Enforceability Exceptions.

20. Under Section 2.19(a) of the Purchase Agreement, Defendants made the following representation (the "Compliance with Law Representation"):

> **Applicable Laws.** Each of the Company Entities is, and during the five-year period ending on the Effective Date has been, in compliance in all material respects with all applicable Law, except any immaterial violations that have been corrected. Each of the Company Entities has duly obtained and possesses all permits, concessions, grants, franchises, licenses and other governmental authorizations, agreements and approvals (collectively "Permits") necessary for the lawful conduct of the Business in all material respects as currently conducted. None of the Company Entities has received any written notice of violation of any applicable Law from any Governmental Authority.

21. As of the Effective Date of the Purchase Agreement, the Company was a party to the Stryker Contract. Under Section 2.10(a)(i) of the Purchase Agreement, the Stryker Contract is listed as a Material Contract.

22. Pursuant to the Stryker Contract, the Company manufactures and supplies certain products for Stryker. Section 22 of the Stryker Contract requires the Company to "comply with all applicable federal, state and local laws, rules and regulations, including without limitation, the laws, rules and regulations referred to in this Agreement." One such requirement identified in the Stryker Contract is Employment Eligibility Verification (48 C.F.R. § 52.222-54). That regulation requires the Company to E-Verify employee eligibility to work in the United States. E-Verify, authorized by Illegal Immigration Reform and Immigrant Responsibility Act of 1996, is a web-

based system through which employers electronically confirm the employment eligibility of their employees.

23. As of the Effective Date of the Purchase Agreement, the Company did not E-Verify employee eligibility, as required by 48 C.F.R. § 52.222-54. Accordingly, the Company was in breach of the Stryker Contract and in violation of applicable law.

24. After the employees of the Company became direct employees of Plaintiff, Plaintiff initiated an E-Verification process to ensure compliance with the Stryker Contract and the law. Numerous employees failed or refused to present proper documentation. Plaintiff lost 310 employees in a 3-month span, a 176% annualized turnover rate that would have been avoided had Defendants not breached their representations.

25. Due to the depletion of its workforce, Plaintiff was unable to deliver all of the products Stryker ordered, leading to significant delays and the diversion of orders to Plaintiff's competitors. Plaintiff sustained damages including, but not limited to, lost profits and losses due to increased labor and management costs.

26. Under Section 7.1(a)(i) of the Purchase Agreement, each Defendant agreed to "jointly and severally, indemnify, defend, and hold harmless Buyer and its Affiliates (the 'Buyer Indemnified Parties') from and against any and all loss incurred or sustained by the Buyer Indemnified Parties arising out of or relating to (i) any breach of any representation or warranty of the Company in Article II of this Agreement…"

27. Pursuant to Section 7.3(b) of the Purchase Agreement, the materiality qualifier in the representations and warranties is disregarded for purposes of indemnity, resulting in a representation for indemnity purposes that none of the Company entities were in breach of a Material Contract or applicable law.

28. On September 3, 2025, Plaintiff sent a letter that constituted an Indemnity Claim and Notice of Loss under Section 7.4 of the Purchase Agreement and also an "unresolved Claim" applied against the Indemnity Escrow Amount (as defined in the Purchase Agreement) pursuant to Section 7.6 of the Purchase Agreement.

29. On September 26, 2025, Defendants, through their legal representative, denied and rejected Plaintiff's claim.

30. Plaintiff responded to Defendants' September 26, 2025 letter on October 24, 2025.

31. Defendants never responded to Plaintiff's October 24, 2025 letter. As of the date of the filing of this Complaint, Defendants have not agreed to indemnify Plaintiff.

**COUNT I**

(Breach of Contract – Breach of Material Contract Representation)

32. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

33. The Purchase Agreement is a valid and enforceable contract between Plaintiff and Defendants.

34. In Section 2.10(c) of the Purchase Agreement, Defendants made the Material Contract Representation.

35. The Material Contract Representation was false. Defendants' breach of the Material Contract Representation was the direct and proximate cause of Plaintiff's financial loss described herein.

36. Pursuant to Section 7.1(a)(i) of the Purchase Agreement, Defendants are obligated to indemnify Plaintiff for their breach of the Material Contract Representation. Defendants have failed to do so. Accordingly, Plaintiff is entitled to damages in an amount to be proven at trial.

**COUNT II**

(Breach of Contract – Breach of Compliance with Law Representation)

37. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

38. The Purchase Agreement is a valid and enforceable contract between Plaintiff and Defendants.

39. In Section 2.19(a) of the Purchase Agreement, Defendants made the Compliance with Law Representation.

40. The Compliance with Law Representation was false. Defendants' breach of the Compliance with Law Representation was the direct and proximate cause of Plaintiff's financial loss described herein.

41. Pursuant to Section 7.1(a)(i) of the Purchase Agreement, Defendants are obligated to indemnify Plaintiff for their breach of the Compliance with Law Representation. Defendants have failed to do so. Accordingly, Plaintiff is entitled to damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

42. As to Count I, an Order awarding judgment in favor of Plaintiff and against Defendants for all damages incurred by Plaintiff as a result of Defendants' breach of the Material Contract Representation, the exact number to be established at trial, including pre-judgment and post-judgment interest thereon.

43. As to Count II, an Order awarding judgment in favor of Plaintiff and against Defendants for all damages incurred by Plaintiff as a result of Defendants' breach of the

Compliance with Law Representation, the exact number to be established at trial, including pre-judgment and post-judgment interest thereon.

44. As to all Counts, an Order awarding Plaintiff all costs fees, and disbursements incurred by Plaintiff, to the extent permitted by law.

45. As to all Counts, an Order awarding any such other and further relief to which Plaintiff is entitled, or which the Court finds just and proper.

*<u>/s/ Jeffrey L. Moyer</u>*
Raymond J. DiCamillo (#3188)
Jeffrey L. Moyer (#3309)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
dicamillo@rlf.com
moyer@rlf.com

Dated: December 24, 2025

*Attorney for Plaintiff*